IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| TONI REYNOLDS, on behalf of herself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 22-CV-04140-WJE<br>) |
| CORNERSTONE NATIONAL INSURANCE COMPANY, | )<br>)<br>) |
| Defendant. | ) |

## ORDER

Pending before the Court is Plaintiff Toni Reynolds' Motion for Consolidation and Appointment of Interim Leadership Counsel. (Doc. 18). Defendant Cornerstone National Insurance Company ("Cornerstone") did not file suggestions in opposition, and the time to do so has passed. The issue is now ripe for consideration. For the reasons that follow, the Motion for Consolidation and Appointment of Interim Leadership Counsel is granted.

### I.     Background

This is one of two cases where Cornerstone's customers, including Ms. Reynolds, allege that unauthorized third parties accessed their personal information in November 2021. On September 16, 2022, Ms. Reynolds filed a putative class action lawsuit, which includes a nationwide class and California subclass, against Cornerstone, alleging that Cornerstone failed to provide adequate security measures to protect her personal information (the "*Reynolds* Action"). (Doc. 1, ¶¶ 21–28, 88–89). She asserts claims for violation of the Drivers' Privacy Protection Act, negligence, negligence *per se*, violation of the California Consumer Privacy Act, and violation of California's Unfair Competition Law. (*Id.*, ¶¶ 97–145).

Separately, on September 14, 2022, Mr. William Johnson and Mr. Joshua Kirk filed a putative class action lawsuit, which includes a nationwide class and California and Tennessee subclasses, against Cornerstone in the case captioned, *William Johnson et al. v. Cornerstone National Insurance Company*, No. 22-CV-04135-WJE (the "*Johnson* Action"). (No. 22-CV-04135-WJE, Doc. 1, ¶¶ 110–12). The *Johnson* Action also involves allegations of a November 2021 data breach where unauthorized third parties accessed Cornerstone's customers' personal information. (*Id.*, ¶¶ 5, 9). Mr. Johnson and Mr. Kirk assert claims for violation of the Drivers' Privacy Protection Act, negligence, negligence *per se*, violation of the California Consumer Privacy Act, and violation of California's Unfair Competition Law. (*Id.*, ¶¶ 121–207).

Plaintiffs in both cases have filed a motion to consolidate the *Johnson* Action with the *Reynolds* Action and to appoint interim class counsel. (Doc. 18; No. 22-CV-04135-WJE, Doc. 22).

## II. Motion for Consolidation

Under Federal Rule of Civil Procedure 42(a), the Court has discretion to consolidate two actions that "involve a common question of law or fact." Consolidation is appropriate for actions that "involve[] common parties, overlapping legal issues, and related factual scenarios, and [when] the consolidation itself d[oes] not cause unfair prejudice." *Horizon Asset Mgmt. Inc. v. H&R Block, Inc.*, 580 F.3d 755, 768 (8th Cir. 2009). "All claims and issues sharing common aspects of law or fact may be consolidated to avoid unnecessary cost or delay" as long as consolidation does not "lead[] to inefficiency, inconvenience, or unfair prejudice to a party." *EEOC v. HBE Corp.*, 135 F.3d 543, 550–51 (8th Cir. 1998) (citations omitted).

Here, the Court finds that consolidation is warranted. The *Johnson* Action and the *Reynolds* Action both involve the same defendant, overlapping legal issues, and the underlying factual allegations stem from the same alleged data breach in November 2021. (Doc. 1, ¶¶ 28–29; No. 22-

CV-04135-WJE, Doc. 1, ¶ 20). Consolidation of these cases will avoid unnecessary costs and prevent needless delay. Accordingly, the Court grants the motion for consolidation and designates the *Johnson* Action as the lead case for all future filings.

### III. Motion for Appointment of Interim Class Counsel

The Court has discretion to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "While not statutorily required, the appointment of interim class counsel may be helpful in clarify[ing] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Jacob Rieger & Co., LLC v. Cincinnati Ins. Co.*, No. 20-CV-00681-SRB, 2020 WL 9421046, at *2 (W.D. Mo. Dec. 7, 2020) (quoting *Roe v. Arch Coal Inc.*, No. 4:15-CV-1026, 2015 WL 6702288, at *2 (E.D. Mo. Nov. 2, 2015) (citation omitted)). When deciding whether to appoint class counsel, courts must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class[.]

Fed. R. Civ. P. 23(g)(1)(A); *see also Crocker v. KV Pharm. Co.*, No. 4:09-CV-198-CEJ, 2009 WL 1297684, at *1 (E.D. Mo. May 7, 2009) (applying Rule 23(g)(1) criteria to consider the appointment of interim class counsel). The Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). "When one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate" under the Rule 23(g)(1)(A) factors and if the applicant "fairly and adequately represent[s] the interests of the class." Fed. R. Civ. P. 23(g)(2), (4).

The Court finds that the now-consolidated actions would benefit from interim class counsel for efficient case management. Kate M. Baxter-Kauf of Lockridge Grindal Nauen P.L.L.P. and Rachele R. Byrd of Wolf Haldenstein Adler Freeman & Herz LLP will fairly and adequately represent the proposed classes' interests. As to the first Rule 23(g)(1) factor, the complaints filed in the *Johnson* Action and *Reynolds* Action illustrate that these attorneys have extensively and diligently investigated the facts and claims alleged by the plaintiffs. (*See* Doc. 1; No. 22-CV-04135-WJE, Doc. 1). As to the second and third factors, these attorneys have significant knowledge and experience in class action and complex litigation nationwide, including cases involving data breaches. (*See* Docs. 18, pp. 9–13; 18-1; 18-2). As to the fourth factor, these attorneys' experiences in other cases suggest that they have a willingness and ability to commit resources to this litigation. For these reasons, the Court finds the proposed interim class counsel adequate under Federal Rule of Civil Procedure 23(g). As such, the Court grants the motion to appoint interim class counsel.

### IV.  Conclusion

The Motion for Consolidation and Appointment of Interim Leadership Counsel (Doc. 18) is GRANTED as set forth herein. Accordingly,

IT IS ORDERED that *Johnson et al. v. Cornerstone National Insurance Company*, No. 22-CV-04135-WJE is consolidated with *Toni Reynolds v. Cornerstone National Insurance Company*, No. 22-CV-04140-WJE. It is further

ORDERED that *Johnson et al. v. Cornerstone National Insurance Company*, No. 22-CV-04135-WJE is designated as the lead case and all future filings should be made in the lead case. It is further

ORDERED that Kate M. Baxter-Kauf of Lockridge Grindal Nauen P.L.L.P. and Rachele R. Byrd of Wolf Haldenstein Adler Freeman & Herz LLP are appointed as interim co-lead class counsel.

Dated this 6th day of March, 2023, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge